UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-22746

RON BERMAN,

    Plaintiff,

vs.

SHELL LUMBER AND HARDWARE COMPANY,

    Defendant.
_____/

## COMPLAINT FOR FLSA OVERTIME VIOLATION(S)

Plaintiff, Ron Beman, sues Defendant, Shell Lumber and Hardware Company, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Ron Berman**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2. Plaintiff was an employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendant.

4. Plaintiff consents to participate in this lawsuit

5. **Defendant, Shell Lumber and Hardware Company**, is a for-profit Florida limited liability corporation that is *sui juris* and operated its lumber and hardware business in in this District at all times material.

6. Defendant was Plaintiff's employers, as the term "employer" is defined by 29 U.S.C. §203 (d).

1

7.     This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

8.     Venue is proper in this Court pursuant because Defendant transacts business in Miami-Dade County, maintain its principal place of business in Miami-Dade County, and also because Defendant employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within Miami-Dade County.

### *Background Facts*

9.     Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

10.    Defendant has been, at all times material, an enterprise engaged in interstate commerce in the course of its sales, marketing, assembly, and promotion of hardware, lumber, home goods, housewares, batteries, plumbing supplies, fasteners, materials, supplies and products that have moved through interstate commerce.

11.    Defendant moves, deliveres, and stores perishables and hardware, lumber, home goods, housewares, batteries, plumbing supplies, fasteners, materials, supplies and products that moved through interstate commerce, while using machinery, forklifts, vehicles, goods, and materials that also have moved through interstate commerce.

12.    Furthermore, Defendant regularly and recurrently obtains, solicits, exchanges and sends funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

13. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00, and/or in excess of $125,000 for each relevant fiscal quarter during the relevant time period.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

15. Plaintiff worked for Defendant from January 6, 2020 to May 6, 2021.

16. Defendant (mis)classified Plaintiff as an "assistant manager", even though he:

   a) Made no decisions regarding hiring/firing;

   b) Made no recommendations regarding hiring/firing;

   c) Did not interview;

   d) Did not prepare schedules;

   e) Did not counsel or write up employees;

   f) Did not participate in evaluating employee performance;

   g) Did not order or suggest ordering of goods, materials or supplies;

   h) Did not function in a managerial or administrative capacity as his primary job duty.

17. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while he worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of his regularly and recurrently processing credit card and bank card transactions that exchanged information outside of the State of Florida, selling hardware/paint that previously traveled in interstate commerce.

***Liability***

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

18. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendant.

19. Defendant failed and refused to pay Plaintiff at the rate of time and one-half times his regular rate of pay for all hours worked over 40 hours in a workweek.

20. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

21. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

22. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Ron Berman, demands the entry of a judgment in his favor and against Defendant, Shell Lumber and Hardware Company, after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

      f.      Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Ron Berman, demands a trial by jury of all issues so triable.

Respectfully submitted this 28th day of July 2021.

                        Brian H. Pollock, Esq.
                        Brian H. Pollock, Esq. (174742)
                        brian@fairlawattorney.com
                        FAIRLAW FIRM
                        135 San Lorenzo Avenue
                        Suite 770
                        Coral Gables, FL 33146
                        Tel:   305.230.4884
                        *Counsel for Plaintiff*

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*